IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02691-REB-MEH

TYRONE MCDANIEL, a/k/a Tyrone V. Daniels,

    Plaintiff,

v.

GERRY N. OYEN, Sheriff, Bent County Jail, Las Animas, and
KAREN DONKLE, Nurse,

    Defendants.

___

### ORDER ON PLAINTIFF'S MOTION TO COMPEL
___

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to Compel Defendant "Gerry H. Oyen" to Answer Interrogatories [filed December 23, 2008; docket #58]. The matter is briefed and has been referred to this Court for resolution [docket #59]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court orders Plaintiff's Motion to Compel is **granted in part and denied in part**.

**I.    Background**

Plaintiff commenced this 42 U.S.C. § 1983 action on December 27, 2007. (Docket #3.) To briefly summarize Plaintiff's complaint, Plaintiff claims Defendants violated the Eighth Amendment prohibition of cruel and unusual punishment through their deliberate indifference to Plaintiff's medical needs by failing to provide timely or appropriate medical attention after Plaintiff slipped and fell while showering in Bent County Jail where he was an inmate, "hitting the lower right side of [his] back on the corner of the sink." (*Id*. at 3.)

Plaintiff submitted Interrogatories to Defendant Bent County Sheriff Gerry H. Oyen which

Defendant Oyen answered and returned. Plaintiff bases the present Motion on his perception that Defendant Oyen's interrogatory responses were "evasive, incomplete and or just avoided by objection for vagueness." (Docket #58 at 3.) Plaintiff requests the Court to order Defendant Oyen to more satisfactorily answer the following three interrogatories:

> Interrogatory No. 3: Names of anyone acting in your behalf?
> Interrogatory No. 9: What constitutes a medical emergency and by what emergency standards?
> Interrogatory No. 11: Would blood in stool caused by the injury, warrant a medical emergency?

(Docket #58 at 1, 3-4; docket #61 at 1-2.)

In response to Plaintiff's Motion, Defendant Oyen contends Plaintiff's suggestion his interrogatory responses were "inadequate or evasive" is "unjustified." (Docket #61 at 1.) Regarding Interrogatory No. 3, Defendant Oyen objects on the grounds that the question is "vague and ambiguous" as well as "over broad [sic] and not reasonably calculated to lead to the discovery of admissible evidence." (*Id*. at 2.) Regarding Interrogatories No. 9 and 11, Defendant Oyen argues the questions reflect no "logical nexus between the requested information and the issues alleged by Plaintiff in his Complaint," and in any event, "Defendant Oyen is not a medical provider, and is not in a position to express an opinion on what constitutes a medical emergency." (*Id*. at 3.)

## II.     Legal Standard

The scope of evidence that is subject to discovery under the federal rules is broad:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

2

Fed. R. Civ. P 26(b)(1). Fed. R. Civ. P. 33(a)(2) provides "an interrogatory may relate to any matter that may be inquired into under Rule 26(b)." The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004). The Court will address each disputed interrogatory in turn.

**III.** **Discussion**

    *A.*    *Interrogatory No. 3: Names of anyone acting in your behalf?*

Defendant Oyen objects to this interrogatory on the basis of vagueness and ambiguity. However, Defendant Oyen also implies his willingness to respond if Plaintiff were to clarify the question, perhaps with including "under what circumstances Plaintiff is asking the Defendant, if anyone acts in his behalf." (Docket #61 at 2.) In Plaintiff's Motion, Plaintiff refers to certain entities he considered in framing the question, including "dispatch," "under sheriff," "detention officers or deputies," and "the jailer or keeper of the jail." (Docket #58 at 5.) In light of Defendant Oyen's request for clarification and Plaintiff's own offer of clarification, the Court concludes Plaintiff may rewrite this interrogatory in a more specific and directed fashion, and Defendant Oyen shall answer the redrafted interrogatory to its permissible extent.

    *B.*    *Interrogatory No. 9: What constitutes a medical emergency and by what emergency standards?*

Defendant Oyen objects to this interrogatory on the basis of irrelevance, vagueness, and ambiguity, and also asserts that he does "not have the medical background to provide a response to this interrogatory." (Docket #61 at 2.) Plaintiff clarifies this interrogatory in his Motion and requests "Bent County Jail Policy, Practices or Procedure [sic] to follow in case of emergencies." (Docket #58 at 5.)

3

Plaintiff's complaint rests on his assertion that Defendants should have taken him to the emergency room after he sustained his injury but did not, therefore violating his Eight Amendment right to timely and appropriate medical care. (*See* docket #3 at 6-7.) The Court recognizes the relevance in Plaintiff seeking discovery related to Bent County Jail's policies, practices, and procedures in place for handling medical emergencies, particularly emergencies involving persons held at the Jail, considering the Eighth Amendment entitles prisoners to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras,* 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Humane conditions include the prison officials' obligation to "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and ... tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994)).

The Court concludes a sheriff, in his or her position of responsibility and leadership over a jail, should indeed have knowledge of the jail's medical emergency policies and procedures. Thus, Plaintiff may rewrite this interrogatory consistent with the clarification he offered in his Motion, and Defendant Oyen shall respond.

### C. *Interrogatory No. 11: Would blood in stool caused by the injury, warrant a medical emergency?*

Defendant Oyen objects to this interrogatory for the same reasons stated in his response to Interrogatory No. 9, and Plaintiff offers the same clarification. The Court's analysis of this interrogatory likewise mirrors that of Interrogatory No. 9. Therefore, Plaintiff may rewrite this question to make it specific to the medical emergency policies and procedures of the Bent County Jail, and Defendant Oyen shall respond appropriately.

**IV.     Conclusion**

To the extent Plaintiff seeks Defendant Oyen to again respond to Interrogatories No. 3, 9, and 11 as they are written, Plaintiff's Motion is denied.  However, Plaintiff's Motion is granted to the extent the Court gives Plaintiff leave to rewrite and resubmit these three interrogatories to Defendant Oyen, consistent with this order.  The Court emphasizes to Plaintiff the importance of rewriting these three Interrogatories as clearly and specifically as possible.

Accordingly, for the reasons stated above, it is hereby ordered Plaintiff's Motion to Compel Defendant "Gerry H. Oyen" to Answer Interrogatories [filed December 23, 2008; docket #58] is **granted in part and denied in part**.  Plaintiff shall submit the three redrafted interrogatories to Defendant Oyen on or before **January 20, 2009**.  Defendant Oyen shall return his responses to Plaintiff on or before **February 13, 2009**.

Dated at Denver, Colorado, this 5th day of January, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge