IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02691-REB-MEH

TYRONE MCDANIEL, a/k/a Tyrone V. Daniels,

    Plaintiff,
v.

GERRY N. OYEN, Sheriff, Bent County Jail, Las Animas, and
KAREN DONKLE, Nurse,

    Defendants.
_____

# RECOMMENDATION ON PLAINTIFF'S MOTION FOR
# PRELIMINARY INJUNCTION AND INJUNCTIVE RELIEF
_____

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Preliminary Injunction and Injunctive Relief [filed December 17, 2008; docket #54]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation [docket #57]. The Court recommends that, for the reasons stated herein, the Motion be **denied**.[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

Plaintiff commenced this 42 U.S.C. § 1983 action on December 27, 2007. (Docket #3.) To briefly summarize Plaintiff's complaint, Plaintiff claims Defendants violated the Eighth Amendment prohibition of cruel and unusual punishment through their deliberate indifference to Plaintiff's medical needs by failing to provide timely or appropriate medical attention after Plaintiff slipped and fell while showering in Bent County Jail where he was an inmate, "hitting the lower right side of [his] back on the corner of the sink." (*Id*. at 3.)

Plaintiff filed the present Motion for a preliminary injunction to "protect his rights" during the pending medical appointments as listed in his Motion. (Docket #54 at 1.) Plaintiff also seeks an injunction apparently for an award of money damages purposed to reimburse and pay his past, present, and future medical expenses. (*Id*. at 3.) In response, Defendants assert Plaintiff "at most speculates he may suffer harm in the future" and fails to meet the requisite standard for a preliminary injunction or injunctive relief. (Docket #62 at 2.)

**II.    Discussion**

A preliminary injunction is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single

most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Furthermore,

> Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions ... (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier,* 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff seeks a preliminary injunction to "protect his rights," but does not describe how exactly the Court could "protect his rights" by granting this Motion. Under its obligation to liberally construe *pro se* pleadings,[2] the Court infers Plaintiff seeks medical care for the alleged injury sustained at Bent County Jail, which is the primary basis of his complaint. However, Plaintiff has and continues to receive medical care, as evidenced by the extensive list of appointments and

---

[2] A court must construe a pro se document liberally, and such document must be held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Tenth Circuit interpreted this rule to mean "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

referrals he describes in his Motion. (Docket #54 at 1-2.) Even so, the Court ordering more care at this stage in the proceedings would alter the status quo rather than preserve it and would essentially afford Plaintiff the relief he could recover at the conclusion of his case on its merits. *See Schrier,* 427 F.3d at 1258-59.

Moreover, Plaintiff "must show that 'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). In addition to the medical appointments and referrals Plaintiff lists in his Motion, Plaintiff includes a number of documents appearing to be bills or billing statements for medical care he has already received. (*See* docket #54 at 5-12.) The Court perceives no risk of irreparable harm demonstrated in Plaintiff's Motion, and in fact concludes the opposite, that Plaintiff indeed receives appropriate medical care for his alleged injury as he requests. Such evidence fails to establish that Plaintiff will suffer imminent and irreparable harm without a Court-ordered injunction.

Plaintiff's additional claim for injunctive relief appears to be a request for money damages, purposed to pay for Plaintiff's medical costs as incurred and as scheduled in his upcoming appointments. (Docket #54 at 3-4.) Generally, injunctive relief is not available in the form of monetary payment, because financial damage may be remedied with the conclusion of the primary case and does not implicate irreparable injury. *See Xantrex Tech., Inc. v. Advanced Energy Indus., Inc.*, No. 07-cv-02324-WYD-MEH, 2008 WL 2185882, at *15 (D. Colo. May 23, 2008) (citations omitted). Furthermore, Plaintiff's request for such injunctive relief constitutes a duplicate of the requests made in Plaintiff's complaint, which the Court evaluates as the case proceeds. Therefore, Plaintiff fails to establish the necessity or appropriateness of injunctive relief at this stage of the

4

litigation, and Plaintiff's Motion for Preliminary Injunction and Injunctive Relief should be denied.

### III.     Conclusion

Based on the foregoing, and the entire record herein, I do hereby RECOMMEND that Plaintiff's Motion for Preliminary Injunction and Injunctive Relief [filed December 17, 2008; docket #54] be **DENIED**.

Dated at Denver, Colorado, this 5th day of January, 2009.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge