IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-02691-REB-MEH

TYRONE McDANIEL,
　a/k/a TRYRONE V. DANIELS,

　　　Plaintiffs,

v.

SHERIFF GERRY H. OYEN, Bent County Jail, Las Animas, and
NURSE KAREN DONKLE,

　　　Defendants.

## ORDER DENYING MOTION FOR RECUSAL

**Blackburn, J.**

　　　The matter before me is what I construe as plaintiff's motion for recusal, *see* [#73][1] and [#75] filed under seal February 6, 2009. I deny the motion.[2]

　　　Because plaintiff is proceeding *pro se*, I have construed his paper more liberally and held him to a less stringent standard than formal pleadings drafted by lawyers. **Erickson v. Pardus**, ___ U.S.___, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Plaintiff addressed his motion (presented as an item of correspondence) to the former Chief Judge of this District, Edward W. Nottingham. Because it is for the judge whose impartiality is questioned to determine whether to recuse himself, **see Liteky v. United States**, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), current Chief Judge, Wiley Y. Daniel, forwarded the motion to me for determination.

Pursuant to 28 U.S.C. § 455, a judge must recuse himself when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." ***Bryce v. Episcopal Church in the Diocese of Colorado***, 289 F.3d 648, 659 (10th Cir. 2002) (citation omitted).  Proof of actual bias is not necessary; recusal is required if the facts, from an objective perspective, admit of the appearance of bias.  ***Id***.; ***Salt Lake Tribune Publishing Co. v. AT & T Corp.***, 353 F.Supp.2d 1160, 1172 (D. Utah 2005).  Nevertheless, "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  ***United States v. Hines***, 696 F.2d 722, 729 (10th Cir. 1982); ***see also Bryce***, 289 F.3d at 659.  Thus, "'[d]isqualification for lack of impartiality must have a *reasonable* basis.'"  ***See Jackson v. Fort Stanton Hospital and Training School***, 757 F.Supp. 1231, 1240 (D.N.M. 1990) (quoting H.R. Rep. No. 93-1453, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6351, 6355) (emphasis in original).  "In the recusal context, the reasonable person standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'"  ***United States v. Evans***, 262 F.Supp.2d 1292, 1294 (D. Utah 2003) (footnote and citation omitted).

Plaintiff here has shown no basis, much less a reasonable basis, for questioning my impartiality in this matter.  His argument for recusal is based on nothing more than his entirely unsubstantiated supposition that I must have a "relative friendship" with defendant Gerry Oyen because I was raised, practiced law, and was a state court judge in and around Las Animas, Bent County, Colorado, where Oyen is presently Sheriff.

Plaintiff offers not a single fact, direct or circumstantial, to substantiate any negative inference from this true, but irrelevant, circumstance. **See Hines**, 696 F.2d at 729. The fact that plaintiff is prosecuting this matter *pro se* does not absolve him of responsibility for alleging adequate factual detail to support his claims for relief. **See Whitney v. State of New Mexico**, 113 F.3d 1170, 1173-74 (10th Cir. 1997); **Hall v. Bellmon**, 935 F.2d 1106, 1110, (10th Cir. 1991).

Plaintiff's motion was filed under seal improvidently. Plaintiff has not requested that his paper be received or filed under seal, and he has not satisfied the requirements required by **D.C.COLO.LCiv.R. 7.2**. Thus, the motion should be unsealed.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's motion for recusal [#73 & 75] filed February 6, 2009, is **DENIED**; and

2. That the motion [#73] **SHALL BE UNSEALED**.

Dated February 12, 2009, at Denver, Colorado.

                                           **BY THE COURT:**

                                           */s/ Bob Blackburn*
                                           Robert E. Blackburn
                                           United States District Judge